ESPADA, PETITIONER, *v.* SEPÚLVEDA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Ponce in an action for acknowledgment of natural children.

No. 111.—Decided February 25, 1914.

CERTIORARI—ERROR OF PROCEDURE—DISCRETION OF COURT.—When the writ of *certiorari* is invoked to correct errors of procedure it is not a writ of right but should be issued only when a special reason therefor is shown to the court, and the court is vested with judicial discretion to grant or refuse the same as justice in each case may require.

ID.—NATURAL CHILDREN—ACTION FOR ACKNOWLEDGMENT—INTERVENTION OF LEGATEE.—The lower court allowed a legatee to intervene in an action for the acknowledgment of natural children brought against the unknown heirs of a person who died leaving a will stating that he left no ancestors or descendants and distributing the whole of his property in bequests. It was *held,* that in view of all the circumstances the court would not review the case on *certiorari* proceedings brought by the plaintiff in the action for acknowledgment.

The facts are stated in the opinion.

*Messrs. F. Cervoni Gely* and *Juan B. Huyke* for petitioner.

*Mr. Manuel A. Rivera* for the intervenor, María Escalera. The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Estefanía Espada, as mother with *patria potestas* over her minor daughter, Mercedes Espada, filed a sworn peti-

tion in this court for a writ of *certiorari* addressed to the judge of the district of Ponce for the purpose of reviewing a certain order made by the said judge granting María Escalera y Santiago leave to intervene in the action of filiation brought by the said Estefanía Espada in the name of her daughter, Mercedes Espada, against John Doe and Richard Roe, unknown heirs of Julián Benito Rivera.

The writ issued and the original record was brought up to this court. The case is now before us and the record shows the following: That the petitioner brought an action in the District Court of Ponce against the unknown heirs of Julián Benito Rivera, alleging substantially that the minor, Mercedes, was the acknowledged natural child of the said Julián Benito Rivera who died in Coamo on April 5, 1905, without leaving ancestors or descendants and leaving a will executed before a notary on September 23, 1902. The complaint concludes with the prayer that the minor daughter, Mercedes, be declared the acknowledged natural child of Julián Benito Rivera with the right to bear his surname and to share in his property to the extent determined by the laws of the country.

On August 13, 1913, the district court ordered that the defendants, the unknown heirs of Julián Benito Rivera, be summoned by publication, and on September 29, 1913, María Escalera Santiago appeared and asked leave to intervene in the suit, alleging that Julián Benito Rivera had devised and bequeathed to her 50 *cuerdas* of land, a half interest in a house, and a diamond ring; that it appeared from the will that the deceased Benito had distributed all of his property in different bequests, making Cecilio Cruz the residuary legatee of any property not specified in the will, and that she would be prejudiced directly if the plaintiff obtained a judgment as prayed for in the action brought by her. The facts alleged by María Escalera appear in the will of Julián Benito Rivera which the plaintiff filed with her complaint as an exhibit.

The plaintiff opposed the granting of the intervention requested and the court made the following ruling:  ·

"*Order*.—The court hereby sustains the motion of María Escalera y Santiago filed on September 27, 1913, and therefore in accordance with section 72 of the Code of Civil Procedure, grants leave to the said María Escalera y Santiago to intervene in this action by joining the defendants in order to oppose the claims of the plaintiff, and she may file the corresponding complaint in intervention, serving the same on the interested parties."

The hearing on the petition for a writ of *certiorari* was held before this court on January 29, 1914, the petitioner appearing by counsel. María Escalera asked and was granted leave to intervene, and for that purpose she filed a written brief which was added to the record. The case was finally submitted to our consideration.

Except when so provided by statute, the writ of *certiorari* · when invoked to correct the proceedings of an inferior tribunal is not a writ of right but should be issued only when a special reason therefor is shown to the court, and the court is vested with judicial discretion to grant or refuse the writ as justice may require in each case. This principle, set out in the foregoing terms in 6 Cyc., 748, is upheld in many decisions in Arkansas, California, Florida, Illinois, Louisiana, etc., and this Supreme Court of Porto Rico has applied it on many occasions, among others in the case of *Polo* v. *Domínguez,* 15 P. R. R., 592; *Torres* v. *Gill,* 17 P. R. R., 38, and particularly in the case of *Argüelles* v. *Rossy, District Judge,* 19 P. R. R., 995.

We have considered carefully the circumstances attending this particular case, in which, as has been seen, the District Judge of Ponce granted leave to a legatee to intervene in an action of filiation brought against the unknown heirs of a person who died leaving a will which stated that he left no ancestors or descendants and which disposed of the whole of his property in bequests, and we are of the opinion that

justice does not require us to review the proceedings in the case.

We fail to see now that any actual injury is caused the plaintiff by the leave to intervene granted by the district court. Should she suffer any injury later in contravention of law, she can assert her rights in the ordinary remedy of appeal which she may take at the proper time from the final judgment in case it should be against her.

The writ of *certiorari* issued should be discharged and the original record returned to the District Court of Ponce to be proceeded with according to law.

*Writ of* certiorari *discharged.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.